IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCO MARINE INC, | No. C 08-5575 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS; SETTING DEADLINES FOR PRODUCTION OF DOCUMENTS AND DEPOSITIONS** |
| v. | |
| SS PACIFIC STAR, *et al.*, | |
| Defendants. | |

Plaintiff has filed a motion seeking monetary sanctions arising out of defendants' failure to produce documents to plaintiff, despite two Court orders setting deadlines for such production.[1] Plaintiff's requests for production of documents seek, *inter alia*, documents relating to the ownership of the SS Pacific Star, its insurance, and correspondence between defendants and Lennar pertaining to the vessel and its wharf. In response to plaintiff's motion, defendants' attorney states that "Defendants have reviewed the Requests for Production and have advised undersigned counsel that they do not have nor possess documents responsive to Plaintiff's Requests beyond those documents that were included in Defendant's Initial Disclosures." Docket No. 27 at 1.

However, in its reply, plaintiff states that during the meet and confer process plaintiff's counsel informed defense counsel that plaintiff had subpoenaed documents from Lennar, and was aware of extensive correspondence between plaintiff's principals (Ms. Falche and Mr. Choi) and Lennar. Lennar recently produced to plaintiff numerous emails to and from Ms. Falche and Mr. Choi, various documents under defendant IMSA's letterhead, checks from defendant IDS concerning the vessel and its wharfage,

---

[1] The parties' letter briefs are found at Docket Nos. 25 - 29.

and letters sent by or to defendants concerning various contractual breaches; all of these documents are responsive to plaintiff's discovery requests, and yet none have been produced by defendants.

Based upon this record, the Court finds it appropriate to award plaintiff $4,914.00, which is the amount of attorneys' fees plaintiff's counsel has incurred as a result of defendants' failure to timely or properly respond to the discovery requests. Contrary to defendants' assertion that the fee request is "excessive," the Court finds that the amount sought is reasonable and supported by detailed time records. Moreover, this amount does not include the additional fees incurred in preparing plaintiff's reply, and it reflects a 10% "business judgment" deduction. This amount shall be paid to plaintiff no later than **October 23, 2009**.

In light of defendants' unexplained and repeated failure to produce responsive documents, the Court further ORDERS as follows: (1) defendants shall produce all responsive documents, with a sworn declaration stating that defendants have made a thorough search for all responsive documents, no later than **October 19, 2009**; and (2) the depositions of defendants' principals Choi, Falche and Naughton shall take place no later than **October 23, 2009**. The Court also informs defendants that further sanctions, including the striking of defenses, will be forthcoming if defendants continue to ignore their discovery obligations.

**IT IS SO ORDERED.**

Dated: October 6, 2009

SUSAN ILLSTON
United States District Judge