IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCO MARINE, INC, | No. C 08-5575 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS** |
| v. | |
| SS PACIFIC STAR, *et al.*, | |
| Defendants. | |

On March 8, 2010, the Court issued an Order to Show Cause Why Monetary and Terminating Sanctions Should Not Be Imposed. Defendants' March 15, 2010 response to the Order to Show Cause provides no explanation for their contumacious behavior, and states that "defendants will produce the documents requested by plaintiff, consistent with this Court's previous order." Thus, even as of March 15, 2010, defendants were apparently still in violation of the Court's February 18, 2010 order requiring defendants to produce documents necessary for the depositions of Mr. Choi, Ms. Falche, and Mr. Naughton.

Under Federal Rule of Civil Procedure 37, district courts have the discretion to impose a broad range of sanctions when a party has failed to comply with the rules of discovery or with court orders enforcing those rules. Fed. R. Civ. P. 37(b)(2)(A); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The court may order that the action be dismissed "where the failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle*, 709 F.2d at 589.

The Court finds that defendant has failed to comply with its discovery obligations in violation of the Federal Rules of Civil Procedure and multiple orders of this Court. The Court further finds that the only reasonable inference to be drawn from defendants' conduct is that defendants' noncompliance

is willful. Defendants have repeatedly failed to comply with their discovery obligations and court orders, and the Court previously advised defendants that terminating sanctions could be imposed if there were further breaches of court orders. Defendants' failure to comply with their discovery obligations and court orders has resulted in significant delays in the litigation of this case.

Accordingly, the Court GRANTS plaintiff's motion for monetary sanctions in the amount of $1,852.50, and terminating sanctions. (Docket No. 47). The monetary sanctions must be paid no later than **April 5, 2010**. The Court will hold a case management conference on **April 23, 2010** at **3:00 pm.** The parties' case management conference statement, due **April 16, 2010**, shall address what further proceedings are necessary to bring this case to a final resolution.

**IT IS SO ORDERED.**

Dated: March 24, 2010

SUSAN ILLSTON
United States District Judge