IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESCO MARINE INC.,

      Plaintiff,                               No. CIV S-11-1353 KJM-GGH

      vs.

SS PACIFIC STAR; et al.,

      Defendants.                        <u>ORDER</u>
_____/

AND COUNTERCLAIMS.
_____/

        Plaintiff seeks an order confirming sale of vessel in accordance with Supplemental Rule E(9). Defendant International Maritime Security Alliance filed for Chapter 7 bankruptcy on November 6, 2011 in the Northern District of California. (Pl.'s Req. Jud. Notice at 2, ECF 174.) The sale of the vessel took place on November 7, 2011. (*Id*.) The court notes that plaintiff has filed a motion for relief from automatic stay[1] in the United States Bankruptcy Court for the Northern District of California. (*Id*. at 1.) In its motion, plaintiff contends that the automatic bankruptcy stay does not apply to maritime lien matters such as the present matter. (*See id.*, Ex. B, ECF 174-2.) In order to confirm the sale as plaintiff requests, the court would

---

[1] The court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005).

1  have to proceed as though the automatic bankruptcy stay indeed does not apply to such matters,
2  a question plaintiff has raised before the Bankruptcy Court.  The Bankruptcy Court has
3  jurisdiction over the bankruptcy matter; this court declines to supplant the Bankruptcy Court's
4  authority over the matter.
5        The court thus declines to enter an order confirming sale at this time.  Plaintiff
6  shall notify the court immediately of the Bankruptcy Court's issuance of a decision on plaintiff's
7  motion.
8        IT IS SO ORDERED.
9  DATED:  November 28, 2011.

                                        UNITED STATES DISTRICT JUDGE