UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCO MARINE, INC., | Civ. No. S-11-1353 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| S.S. PACIFIC STAR, et al., | |
| Defendants. | |

        On January 10, 2013, the magistrate judge granted the motion filed by Attorney Norman Ronneberg on behalf of the law firm of Bullivant Houser Bailey PC to withdraw as counsel for plaintiff Esco Marine, Inc. and directed Esco Marine to obtain replacement counsel within twenty-eight days of the date of the order or face sanctions.[1]  Plaintiff has not responded to the order or obtained replacement counsel, despite the fact that a corporation may appear only through counsel.  *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993).

        Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action if a plaintiff fails to prosecute.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

---

[1] When the case was filed in the Northern District, Attorney Kevin Ho, also from Bullivant Houser Bailey, was on the pleadings. *See* ECF No. 1.  When the case was transferred to this district, Ho's name no longer appeared on the pleadings no doubt because he is not admitted to practice in this district.  *See, e.g.*, ECF No. 113.  Whatever the reason, the motion to withdraw, filed on behalf of Bullivant Houser Bailey, terminated Attorney Ho's representation, if he was still deemed to be appearing on Esco Marine's behalf.

1

1  1986).  A corporation's failure to obtain representation may support such a dismissal. *The Rock*
2  *ex rel. Georgner v. Decision One Mortg.*, No. 1:08-CV-1472 AWI SMS, 2009 WL 211363, at *2
3  (E.D. Cal. Jan. 28, 2009).

4        Prior to dismissing for failure to prosecute under Rule 41(b), the court must
5  consider the factors outlined in *Henderson* namely:  "(1) the public's interest in expeditious
6  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
7  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
8  availability of less drastic sanctions."  779 F.2d at 1423.  "The district court has the inherent
9  power sua sponte to dismiss a case for lack of prosecution."  Id.

10        First, the public has an interest in expeditious resolution of litigation.  Here,
11  plaintiff has not found new counsel and so cannot further prosecute this action.   Without counsel
12  it will be unable to proceed further in this action. The first *Henderson* factor weighs in favor of
13  dismissal.

14        Second, plaintiff's delays have interfered with management of this court's docket.
15  This case has languished after Attorney Ronneberg was relieved, with no possibility of further
16  progress.  *See Yourish*, 191 F.3d at 990 (finding the district court's interest in managing its docket
17  strongly favored dismissal).  This second factor also weighs in favor of dismissal.

18        The third factor does not necessarily favor dismissal, as plaintiff has already
19  secured the sale of the vessel at issue in this case.

20        Regarding the fourth factor, as the Ninth Circuit explained in *Morris v. Morgan*
21  *Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991), "[a]lthough there is indeed a policy favoring
22  disposition on the merits, it is the responsibility of the moving party to move towards that
23  disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  The court finds
24  this factor to favor dismissal.  As noted, plaintiff has not appeared through counsel following
25  Ronneberg's withdrawal and so cannot move forward.

26        As for the fifth and final factor, "[t]he district court need not exhaust every
27  sanction short of dismissal before finally dismissing a case, but must explore possible and
28  meaningful alternatives."  *Henderson*, 779 F.2d at 1424 (citing *Nevijel v. North Coast Life Ins*.

1  *Co.*, 651 F.2d 671, 674 (9th Cir.1981)).   In this case, plaintiff has not responded to the court's
2  previous order, suggesting that it would not respond to lesser sanctions. *See Nevijel*, 651 F.2d at
3  674 ("less drastic alternatives include allowing further amended complaints, allowing additional
4  time, or insisting that appellant associate experienced counsel"). The court finds this factor also
5  favors dismissal.
6        Accordingly, IT IS ORDERED that this case is dismissed for lack of prosecution.
7  DATED: April 25, 2014.

_____
UNITED STATES DISTRICT JUDGE